**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 03:27 PM June 14, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| OSCAR STEVEN BENAVIDES | ) CASE NO. 11-60874 |
| AND LYNN RENEE BENAVIDES, | ) |
| | ) ADV. NO. 12-6002 |
| Debtors. | ) |
| _____ | ) JUDGE RUSS KENDIG |
| JOSIAH L. MASON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| SPRINGLEAF FINANCIAL | ) |
| SERVICES OF OHIO, INC. fka | ) |
| GENERAL FINANCIAL | ) |
| SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

The chapter 7 trustee, Josiah L. Mason ("Trustee"), seeks summary judgment on his preference claim under 11 U.S.C. § 547. Defendant Springleaf Financial Services of Ohio, Inc. ("Springleaf") fka American General Financial Services, Inc. ("American General") opposes the motion.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984, now superseded by General Order 2012-7 dated

1

April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

On or about April 20, 2009, Debtor Oscar Benavides borrowed $4,564.23 from Springleaf's predecessor, American General. He granted American General a security interest in two items, a 1972 sixteen foot Starcraft boat and a 1972 Mercury outboard motor. The liens are noted on the replacement titles. At the time the loan was obtained, American General valued the boat and motor at $2,600.00.

Debtor defaulted on the note. On October 20, 2010, American General obtained default judgment in the Mansfield municipal court. The court awarded a judgment of $4,065.19 plus 21.99% interest from August 2, 2010, plus costs.

Debtor and his wife filed a joint chapter 7 case on March 23, 2011. Mr. Benavides listed an ownership interest in a 1972 Starcraft 15' boat and motor, which appears to be the boat secured by the American General lien. He valued the boat and motor, which he states is not running, at $600.00 and scheduled a secured debt of $4,388.37 owed to American General.

Trustee filed a complaint seeking recovery of a preferential transfers totaling $1,951.51 taken via Defendant's garnishment of Debtor's wages within ninety days of the petition date. Defendant admitted funds in approximately this amount were garnished during the preference period.

On January 16, 2012, Springleaf filed an amended proof of claim. Springleaf states its claim of $1,596.24 is unsecured.

## DISCUSSION

Prepetition, Springleaf was secured on a loan of more than $4,000.00 by an asset it apparently did not want. At the time it made the loan, the collateral was thirty-seven years old. Upon Debtor's default, Springleaf made no effort to repossess the boat and motor, instead electing to sue Debtor. It successfully recovered several thousand dollars from Debtor via a garnishment, as indicated by the difference between the amount of the default judgment and the proof of claim filed in this court. When it came time to file the proof of claim, it still took no interest in its collateral, claiming an unsecured debt for the balance of the loan.

To Springleaf's misfortune, Trustee wants to recover $1,951.51 (plus costs) of the garnished funds. Suddenly, Springleaf wants to rely on its security interest. Although it still has not made any movement toward repossession or sale of the asset, Springleaf is content to parade its

liens on the titles in an attempt to defeat Trustee's preference claim. If Trustee is successful, Springleaf will be forced share the $1,951.51 with the trustee and other unsecured creditors.

Trustee's motion for summary judgment, brought pursuant to Federal Rule of Bankruptcy Procedure 7056 and Federal Rule of Civil Procedure 56, contains two arguments. First, Trustee claims that Debtor was insolvent. Insolvency is one of the elements of a preference claim. 11 U.S.C. § 547(b)(3). Second, Trustee alleges that the garnishments were not regular monthly payments on secured debt and therefore are recoverable as preferences.

### I. Insolvency

The bankruptcy code establishes a presumption of a debtor's insolvency within the 90 day period preceding a bankruptcy filing. 11 U.S.C. § 547(f). Springleaf does not contest insolvency. Consequently, the court finds that the presumption was not rebutted. The court relies on the presumption and finds that Trustee has established the insolvency of the Debtor's for the purposes of § 547(b)(3).

### II. The garnished funds

Trustee argues, without any underlying statutory law or case citation, that the garnishments were not regular monthly payments and therefore are not protected from his preference action. His claim is rooted in the premise that "[p]ayments to a creditor who is fully secured are not preferential since the creditor would receive payment up to the full value of his collateral in a Chapter 7 liquidation." Ray v. City Bank and Trust Co. (In re C-L Cartage Co.), 899 F.2d 1490, 1493 (6th Cir. 1990). This dispute raises a of whether Trustee has established a necessary element of a preference under 11 U.S.C. § 547(b)(5), which requires proof Springleaf received more than it otherwise have received without the transfers. Springleaf argues that the garnishments were payments on secured debt and therefore may be protected if Springleaf was fully secured. On this point, Springleaf contends an issue of fact exists as to the value of the boat and motor.

Neither party has properly construed Springleaf's claim, nor has either party distinguished Springleaf's *in rem* rights from its *in personam* rights. Typically, when a party defaults on a secured note, the secured creditor repossesses the collateral in exercise of its in rem rights against the property. If there is a deficiency balance after the repossession sale, the secured creditor files suit to obtain a judgment against the borrower in exercise of it *in personam* rights. Springleaf merely proceeded to skip the former and proceeded to exercise its latter rights.

The garnishments recovered by Springleaf arose from the default judgment awarded by the municipal court. That judgment, standing alone, is unsecured. See French v. State Farm Auto. Ins. Co. (In re LaRotonda), 436 B.R. 491; Brandon v. Keaton, 90 Ohio App.3d 542 (Ohio App. 2nd Dist. 1993); Ohio Citizens Bank v. Meyer, 23 Ohio App.3d 74 (Ohio 3rd Dist. 1985). This understanding is further supported by the doctrine of merger. See In re Hufford, 460 B.R. 172 (Bankr. N.D. Ohio 2011); In re Schwartz, 77 B.R. 177 (Bankr. S.D. Ohio 1987). The debt that existed under the loan agreement is now merged with the judgment and Springleaf's recovery lies

3

in the judgment. Id. at 180 (citing In re Schlecht, 36 B.R. 236, 240 (Bankr. D. Alaska 1983) (quoting 46 Am.Jur.2d Judgment § 390 (1969) (footnotes omitted))). Although Springleaf retained its liens on the titles to the boat and motor, it did not execute on the collateral.

At the time of the allegedly preferential garnishment, Springleaf was owed approximately $3,600.00. (The rough sum of the garnishment amount plus the amount of the proof of claim.) Thus, pursuant to 11 U.S.C. § 506, Springleaf had a bifurcated claim that was secured to the extent of the value of the collateral and unsecured as to the balance. Springleaf retains its secured interest in the assets. The entire sum of the garnishment was thus applied to its unsecured claim. 5 Collier on Bankruptcy ¶ 547.03[7], 547-41 (16th ed. 2012). After the garnishment, Springleaf had the same secured claim and a much reduced unsecured claim. The total proofs of claim dwarf Trustee's recoveries, thus Springleaf received more than it would have in a liquidation.

The garnished funds were in no possible way regular monthly payments on a secured debt under the loan agreement. They were recoveries on an unsecured judgment. As a result, they may be recovered as preferential payments upon proof of all other necessary elements.

### III. Valuation

Having found for Trustee on alternative grounds, the court will also address the argument presented by Springleaf. Springleaf suggests that it was a fully secured creditor. The court disagrees.

Debtors value the subject assets at $600.00. This valuation is submitted under the pains and penalty of perjury in schedules that have been sworn and signed, forming the basis for Trustee's factual position. Springleaf doesn't attach a specific value to the assets. Instead, it says that in 2009, when the loan was taken, the boat and motor were valued at $2,600.00. The implicit suggestion is that the assets have not declined $2,000.00 in value since that time. This inference does not establish a genuine question of fact to defeat summary judgment. Moreover, the affidavit was not from a person with knowledge. A Springleaf employee testified that the collateral was valued in a file document at $2,600.00. The problem is that there is totem pole hearsay, that is, hearsay upon hearsay. This affidavit qualifies for the business record exception that the document exists, but cannot testify as to the proof of the underlying issue of valuation. No one from Springleaf with knowledge has testified as to the value. That requires separate proof, unlike a balance, which is the business record itself.

The court is obligated to view the facts in the light most favorable to Springleaf, the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Even accepting Springleaf's position as true, that the boat and motor were worth $2,600.00 when Debtor obtained the loan, this is immaterial. The preferential effect of transfers are determined as of the petition date. Taunt v. Fidelity Bank of Michigan, 908 F.2d 91 (6th Cir. 1990). Springleaf introduced no admissible evidence that provides a basis for valuing the assets on the date Debtors filed bankruptcy. Consequently, it has failed to establish a genuine issue of material fact on value. Its proof does not establish questionable value. It is inadmissible in its entirety. The court accepts

4

Debtors' sworn $600.00 valuation as uncontested by admissible evidence. Based on this value, it is clear that Springleaf was not a fully secured creditor and received more than it would have in a liquidation.

## **CONCLUSION**

Prepetition, Springleaf opted to ignore its security interest in Debtor's assets. It obtained an unsecured judgment and executed on that judgment. It filed an unsecured proof of claim in the bankruptcy case. It cannot now argue that the monies it recovered through the garnishments were normal secured debt payments.

The motion did not address all of the elements of a preference. Trustee met his burden of proof on the two elements preference elements presented in the motion for summary judgment. He has demonstrated that Debtors were insolvent at the time the allegedly preferential transfers were made under 11 U.S.C. § 547(b)(3) and that the garnished funds recovered by Springleaf allowed it to obtain a greater recovery than it would otherwise have in this case, meeting the requirements of 11 U.S.C. § 547(b)(5). Trustee's motion for summary judgment is granted to this extent.

A separate order will be issued immediately.

#      #      #

**Service List:**

Josiah L Mason
153 W Main St
PO Box 345
Ashland, OH 44805-2219

Stephen D Miles
18 W Monument Ave
Dayton, OH 45402